# MERVIN CHAMBERS et al. v. BRADLEY COUNTY.
## —384 S. W. (2d) 43.

Eastern Section. May 14, 1964.

Certiorari Denied by Supreme Court September 4, 1964.

456

J. S. Wrinkle, Chattanooga, for plaintiffs in error.

James G. Nave, Cleveland, for defendant in error.

McAMIS, P. J. Bradley County brought this action to acquire a portion of certain lands owned by defendants Mervin Chambers et al. as a right of way for a State Highway by-passing the business and residential districts of the City of Cleveland. The petition describes by metes and bounds that portion of defendants' lands sought to be condemned as previously staked out by the State Department of Highways. In the petition filed by the County the land to be acquired is designated as Tracts 1 to 4, inclusive.

At the beginning of the trial in the Circuit Court, Judge Oliver, without objection from either party, directed counsel, in presenting the case to the jury, to treat defendants' property as being divided into two tracts rather than four, Tract 1 being all of defendants' property north of Old Mouse Creek Road and Tract 2 that portion lying south of that road. The two tracts were so designated on a map which the parties stipulated correctly represented lands of defendants and the portions sought to be condemned by the County.

All of the proof as to values and incidental damages throughout the trial referred to these two tracts as designated on the above mentioned map.

The jury returned the following verdict:

Tract One:

Value of 2.78 acres taken ................$ 9,174.00
Incidental damages to the remaining
9.02 acres of Tract One .................. 2,800.00

Tract Two:

Value of 7.83 acres taken ................ 26,400.00

Incidental damages to the remaining 11.48
acres of Tract Two ................... 2,702.50

Total ............................$41,076.50

Defendants have appealed claiming the amount awarded is grossly inadequate and have assigned errors, none of which complains of the admission or rejection of evidence and only one of which complains of the charge to the jury.

The first assignment complains because the Court refused to allow defendants' counsel on voir dire to propound to the prospective jurors the following question:

"If the proof in this cause should show that the value of the land taken, combined with the incidental damages to the remaining land, less the incidental benefits, if any, with the law applied as charged by the court, would entitle the Chambers' heirs, the defendants, to some $75,000.00 to $125,000.00, or even more, would the size of such a sum cause you any hesitancy in returning a verdict for the defendants in the amount of $75,000.00 to $125,000.00, or even more, as the proof and the law might require?"

The Court refused to permit counsel to ask this question on the ground that the jurors might construe an affirmative answer as a commitment to render a large verdict.

■■ Generally, a prospective juror may be examined for the purpose of showing that he is biased or prejudiced. Hypothetical questions substantially outlining the proof to be introduced are improper as tending to exact a pledge from the juror, but questions which seek only to ascertain that the juror's mind is free of previously

formed convictions are proper. Smith v. State, 205 Tenn. 502, 327 S.W.(2d) 308; Atlanta Joint Terminal v. Knight, 98 Ga.App. 482, 106 S.E.(2d) 417, 79 A.L.R. (2d) 539; 31 Am.Jur. 123, Jury Section 141.

 Generally, the scope of inquiry on voir dire rests within the sound discretion of the trial court, Kennedy v. Stae, 186 Tenn. 310, 210 S.W.(2d) 132. In this case, the question propounded might well have been held by the trial court to go beyond proper inquiry. Any juror would naturally answer the question in the affirmative and might thereafter feel under a pledge to return a large verdict. We think the Court properly excluded it. Certainly, there was no abuse of discretion.

 Assignment two complains of the action of the Court mentioned at the outset of this opinion in departing from the description of that portion of the property to be taken, described in the pleadings as comprising four tracts, and directing that the four tracts be consolidated and combined into two tracts, one on the north side of Old Mouse Creek Road and the other on the south of that road.

Old Mouse Creek Road runs east-west through defendants' property the remnants of which had been designated on the map above mentioned as Tracts A, B, C, D, E, F and G. Because of the location of Old Mouse Creek Road defendants' property was naturally divided into two tracts. It would have been difficult for the jury to fix the value of seven separate tracts and the incidental damage or benefit to each. We think the Court acted properly in dividing the property as it existed before the taking into two tracts. In any event, having made no objection to this action and acquiesced in it

throughout the lengthy trial, defendants can not now complain.

The third assignment is that "the verdict of the jury is so insufficient in amount as to show caprice, prejudice or passion on the part of the jury * * *." It is insisted that prejudice and caprice is shown by the verdict of the jury allowing only $2,800.00 as incidental damages to Tract One, being that portion of the land north of the Road remaining after the taking.

The evidence as to the value of the two tracts consists of the testimony of Mr. Mervin Chambers, one of the defendants, and a number of real estate experts testifying for the respective parties. As to Tract One, north of the road, their estimate of incidental damages ranged from $22,300.00 to $3,370.00, the latter figure being the amount fixed by Barton Smith, a witness for the condemnor. It is thus to be seen, as defendants point out, that the jury awarded as damages to Trace One $570.00 less than the damages as fixed by the lowest estimate of any of the expert witnesses.

We can not say from this alone, however, that the jury was actuated by passion or caprice. There was evidence that Tract Two on the South side of Old Mouse Creek Road received incidental benefits in excess of incidental damages. Yet the jury awarded defendants $2,702.50 as incidental damages to that tract. While the jury was required to assess incidental damages to the two tracts separately, it would seem that, if biased, the jury would have allowed nothing as incidental damages to Tract Two, as it might have done under the proof.

It is true there is no evidence to sustain a finding of incidental damages in the exact amount fixed by the

jury in the taking of a portion of Tract One and that the undisputed expert testimony shows these damages to be $570.00 in excess of the amount awarded.

The general rule that the weight to be given expert or opinion evidence is for the jury is too familiar to justify extended citation of cases. As illustrating the rule, see Act-O-Lane Gas Service Co. v. Hall, 35 Tenn.App. 500, 248 S.W.(2d) 398; East Tenn. Nat. Gas Co. v. Peltz, 38 Tenn.App. 100, 270 S.W.(2d) 591. It is the universal practice to charge the jury that expert or opinion evidence is to be considered with caution and carefully weighed by the jury in the light of all the evidence.

We do not appear to have a reported decision as to whether expert testimony must be accepted by the jury as conclusive in the absence of other conflicting evidence or whether jurors may draw upon their own general knowledge and refuse to accept the opinion of an expert witness as unreasonable or illogical.

Although cases to the contrary may be found, the general rule elsewhere is that, unless the subject of inquiry is of such technical or scientific nature that laymen may be supposed to have insufficient knowledge upon which to base a correct judgment, jurors are not required to accept expert or opinion evidence as conclusive even though uncontradicted but may draw upon the knowledge and experience which may be supposed to be common to all men and arrive at a conclusion contrary to uncontroverted expert testimony. Eaves v. City of Ottumwa, 240 Iowa 956, 38 N.W.(2d) 761, 11 A.R.L.(2d) 1164; Clark v. Haggard, 141 Conn. 668, 109 A.(2d) 358, 54 A.L.R.(2d) 655; 20 Am.Jur. 1059, Evidence, Section 1208; 32 C.J.S. Evidence sec. 567, p. 378.

462

■ The rule is especially applicable in a case like the present where the jury must determine land values and incidental damages resulting from the taking, involving many and varied factors such as interference with ingress and egress and the shape and size of the remnants of land still owned by the condemnee. As to such matters jurors must always to some extent draw upon experience and reason.

■ We conclude that the verdict can not be said to be the result of bias, prejudice or caprice or inadequate as a matter of law because the jury in reporting the incidental damages to Tract One fixed an amount approximately 17% less than the lowest estimate of the expert witnesses.

It is next insisted under assignment four that there is no evidence of incidental benefits either to Tract A or B as shown on the map. Both of these tracts were consolidated by the Court and submitted to the consideration of the jury as Tract One. There is nothing to indicate that the jury charged any incidental benefits against the incidental damages allowed.

Under the fifth assignment, as we understand, it is argued that the jury became confused by the reference to *"either of these tracts"* in the Court's charge dealing with questions of incidental damages and benefits. It is said the language should have been *"any of these tracts"* which would have allowed the jury to consider the effect of the taking upon the separate tracts A, B, C, D, E, F, and G shown on the map. As we have held, the Court properly consolidated all of these tracts at the outset of the trial under Tracts One and Two. This assignment is without merit.

The sixth and last assignment is largely based upon the action of the Court, already considered, in consolidating the numerous tracts into two. The argument is that, as a result, the jury became confused in apportioning and off-setting incidental damages and benefits. As above said, we think, in doing so the Court simplified the issues for the jury. In addition, as above shown, defendants acquiesced in this action until after the verdict was rendered and can not now complain.

We find no error. Affirmed at defendants' cost.

Cooper and Parrott, JJ., concur.