**Harry B. ENGLAND and Linda Faye England, Plaintiffs/Appellees,**

v.

**BURNS STONE COMPANY, INC., Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 27, 1993.

Application for Permission to Appeal Denied by Supreme Court March 21, 1994.

Lionel R. Barrett, Jr., P.C., Nashville, for plaintiffs-appellees.

Robert L. Estes, Peter F. Klett, Stewart, Estes & Donnell, Nashville, for defendant-appellant.

## OPINION

TODD, Presiding Judge.

The defendant, Burns Stone Company, Inc., has appealed from a jury verdict and a judgment in favor of the plaintiffs, Harry B. and Linda Faye England in the amount of $30,000.00 for damage to plaintiffs' real property by blasting conducted by said defendant.

This litigation began as a joint suit of twenty-two plaintiffs against eight defendants. The Trial Court ordered a severance of the claims of owners of separate tracts, and the suit of Harry B. and Linda Faye England was thereby severed and tried separately from the suits of the other twenty plaintiffs.

Six of the eight defendants were dismissed before trial. A directed verdict was entered as to a seventh defendant during the trial. None of the seven dismissed defendants are involved in this appeal.

Only the plaintiffs, Harry B. and Linda Faye England, and the defendant, Burns Stone Company, are before this Court in this appeal.

T.R.A.P. Rule 27 provides in part as follows:

**Content of Briefs.**—(a) Brief of the Appellant.—The brief of the appellant shall contain under appropriate headings and in the order here indicated: ... (7) An argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities *and appropriate references to the record* (which may be quoted verbatim) relied on; .... (Emphasis supplied.)

Rule 6 of the Rules of this Court provides in part as follows:

**Briefs.**—(a) Written argument in regard to each issue on appeal shall contain:

1. A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, *with citation to the record where the erroneous* or corrective action *is recorded.*

2. A statement showing how such alleged error was seasonably called to the attention of the trial judge *with citation to that part of the record where appellant's challenge of the alleged error is recorded.*

3. A statement reciting wherein appellant was prejudiced by such alleged error, *with citations to the record* showing where the resultant prejudice is recorded.

4. A statement of each determinative fact relied upon *with citation to the record where evidence of each such fact may be found.*

(b) *No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument thereon contains a specific reference to the page or pages of the record* where such action is recorded. *No assertion of fact will be considered on appeal unless the argument upon such assertion contains a reference to the page or pages of the record where evidence of such fact is recorded.* (Emphasis supplied.)

The brief of appellant fails to comply with the above rules, as a result of which this Court is severely handicapped in the consideration of the issues presented by appellant. The technical record is composed of 336 pages. The transcript includes 1,485 pages and 84 exhibits.

This Court is not under a duty to minutely search a voluminous record to locate and examine matters not identified by citation to the record. *McReynolds v. Cherokee Insurance Co.,* Tenn.App.1991, 815 S.W.2d 208. Parties cannot expect this Court to do the work of counsel.

Appellant's first three issues are:

1. Whether the court erred as a matter of law by allowing other homeowners, not the plaintiffs, to testify about alleged blasting damage to their homes and to exhibit the alleged damage by videotape and photographs.

2. Whether the court erred as a matter of law by allowing an expert witness to testify about the cause of damages to homes other than the plaintiffs'.

3. Whether the court abused its discretion and committed error in denying defendant's motion for a mistrial and/or motion for a continuance following the court's ruling to allow other homeowners to testify regarding damage to their homes.

It is true, as insisted by appellant, that after the severance of the other suits from this suit, evidence of damages suffered by the plaintiffs in such suits was not directly relevant to this suit. However, evidence of the time, nature and severity of such other damages might be circumstantially relevant where, as in the present case, the principal defense was that the blasting by defendant was not of such severity as to cause the

damage claimed by plaintiffs. T.R.E. Rule 403 provides:

**Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.**—Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

■ Evidence of damage to other property in the vicinity is received with extreme caution and only where a proper foundation is laid. 35 C.J.S. Explosives § 11(7) p. 306.

Evidence of the effect of blasting upon other buildings in the vicinity, as bearing upon character and extent of the explosion was admitted in the following authorities: *Benyo v. Kaiser–Nelson Corp.,* 3 Ohio App.2d 405, 210 N.E.2d 740 (1965); *Harbison–Walker Refractories Co. v. Scott,* 185 Ala. 641, 64 So. 547 (1914); *Whitman Hotel Corp. v. Elliott & Watrous Engineering Co.,* 137 Conn. 562, 79 A.2d 591 (1951); *Weaver v. Benson,* 152 Tex. 50, 254 S.W.2d 95 (1953). In the latter case, the Texas Supreme Court said:

In blast-damage cases, the fact that causation is so often impossible of proof, except through circumstantial evidence, justifies a rather liberal attitude in judging the relevance of a particular circumstance.

■ It was necessary for the Trial Judge in his discretion to weigh and balance the need for the evidence to assist in resolving an issue in this case and its weight or usefulness for this purpose, against its effect of unfair prejudice to the defendant. Absent apt references to the record whereby this Court might reweigh these same factors, it must be presumed that the Trial Judge properly exercised his discretion in this regard.

No cause of reversal is found in appellant's first three issues.

Appellant's fourth issue is:

4. Whether the court erred as a matter of law by allowing Frank Chiapetta to testify at the trial of this cause.

Defendant asserts that, in response to its interrogatory regarding experts and their testimony, plaintiffs failed to disclose the identity or testimony of Mr. Chiapetta. However, defendant does admit that counsel for plaintiffs informed defendant by letter that Frank Chiapetta might testify. Defendant further asserts that Mr. Chiapetta was examined by defendant in his discovery deposition on August 25, 1992, regarding his opinions; that he responded that he had not formed an opinion; that from August 25, 1992, until August 31, 1992, the date of trial, defendant was not informed that Mr. Chiapetta had formed an opinion; and that such failure was a direct violation of T.R.C.P. Rule 26.02(4).

■ Where a party has not given the name of a person with knowledge of discoverable matter, the court should consider the explanation given for the failure to name the witness, the importance of the testimony of the witness, the need for time to prepare to meet the testimony, and the possibility of a continuance; the court may then permit the witness to testify, or it may exclude the testimony, or it may grant a continuance so that the other side may take the deposition of the witness or otherwise prepare to meet the testimony. *Strickland v. Strickland,* 618 S.W.2d 496 (Tenn.Ct.App.1981); *Lyle v. Exxon Corp.,* 746 S.W.2d 694 (Tenn.1988).

No record is found of any motion for continuance or other reasonable effort to obtain an opportunity to locate evidence to contradict the testimony of this witness.

■ No sanctions are provided by the rules for failure to "seasonably" supplement a response to an interrogatory regarding expert testimony. *Lyle v. Exxon Corp.,* Tenn. 1988, 746 S.W.2d 694.

■ By extension, there is no provision in the rules for failure of a witness to report the formation of an opinion after testifying that he has not yet formed an opinion.

■ The resolution of the question of admissibility of the testimony of this witness was governed by a rule of fairness as administered within the sound discretion of the Trial Court.

This Court finds no reversible error in the exercise of such discretion by the Trial Court.

Defendant's fifth issue is as follows:

5. Whether the court erred as a matter of law and abused its discretion by charging the jury that the defendant was strictly liable in this case.

No citation to the record is found to identify the offending portion of the jury charge. Said part of the charge is not quoted in the brief or in defendant's motion for a new trial. *See* Rule 6 of the Rules of this Court; *Chicago Guaranty Fund Life Society v. Ford*, 104 Tenn. 533, 58 S.W. 239 (1900); *Morris v. Summers*, 63 Tenn.App. 469, 474 S.W.2d 662 (1971).

■ Appellant argues that the Trial Judge erred in charging that defendant was strictly liable for the effects of its blasting. In *Miller v. Alman Construction Company*, Tenn. App.1983, 666 S.W.2d 466, this Court said:

... This being a blasting case, if injury was inflicted upon the property, it is immaterial whether it was done negligently or with utmost care and caution since the defendant is liable for such injury no matter how small the damage. *City of Knoxville v. Peebles*, 19 Tenn.App. 340, 87 S.W.2d 1022 (1935); *Aycock v. N.C. & St. Louis Ry. Co.*, 4 Tenn.App. 655 (1927); *Walton–McDowell Co. v. Jackson*, 5 Tenn. C.C.A. (Higgins) 324 (1914).

The appellant is trying to do away with the above noted rule. It is attempting to substitute fault theory or negligence theory for strict liability. This is not the law of this state and it will be up to the Supreme Court to change the law, not this court.

666 S.W.2d at p. 468.

This Court adheres to the statement just quoted.

*No merit is found in defendant's fifth issue.*

Appellant's sixth issue is:

6. Whether the court erred as a matter of law and abused its discretion by failing to charge the jury regarding the law of negligence.

■ In support of this issue, appellant argues first that the Trial Court erred in failure to charge negligence. Ordinarily it is incumbent upon a party complaining of an omission in the charge to demonstrate that a correct and complete special request for jury instruction was submitted to and refused by the trial Judge. *Johnson v. Atkinson*, Tenn. App.1986, 722 S.W.2d 390. No such correct and complete special request is found in the record. Moreover, the record shows that the Trial Court did charge the law of negligence.

■ Also, if the rule of strict liability applies, negligence is irrelevant. *Miller v. Alman Construction Company, supra.*

Although not stated in the sixth issue, defendant argues that the Trial Court erred in overruling its motion to dismiss the suit for negligence. There is no citation to the record where the motion to dismiss or the ruling thereof may be found. There is no showing of prejudice from the failure to dismiss the negligence aspect of the suit.

No merit is found in defendant's sixth issue.

Defendant's seventh issue is:

7. Whether the court erred as a matter of law and abused its discretion by failing to charge the jury that the issue of punitive damages had been dismissed.

■ Defendant's argument asserts that "Defendant's Special Request No. 16" was refused by the Trial Court. It is argued that plaintiffs were allowed to argue punitive damages in their opening statement and to assert misconduct of defendant in closing argument, and defendant was not permitted to do so. No punitive damages were assessed by the jury; and there is no showing of prejudice.

No merit is found in defendant's seventh issue.

Defendant's eighth issue is:

8. Whether the court erred as a matter of law by failing to charge the jury of the statute of limitations in this case.

The argument contains the following helpful statements and citations:

... In fact, the plaintiffs acknowledged that they observed damage to the sidewalk

as early as 1979. (T. p. 196; T. p. 247). The plaintiffs also acknowledged that they had discovered cracks when they purchased the home in 1974. (T. p. 204). In addition, the plaintiffs' expert witness testified that the damage dated back to 1985. (T. p. 672, 1.22–24).

■ The answer of defendant has been examined without finding a defense of statute of limitations. T.R.C.P. Rule 12.02. Even though the statute was mentioned in a motion for summary judgment and supporting memorandum, it was necessary for defendant to specifically request instructions in order to preserve the issue on appeal. Defendant's brief refers to special request no. 15 which is not found in the record, and no mention of it is found in the discussion of special requests by court and counsel.

No merit is found in defendant's eighth issue.

Defendant's ninth issue is as follows:

9. Whether the verdict of the jury is contrary to the law and evidence applicable to this case and is a result of misconduct, passion, prejudice, caprice and improper influence.

■ Assignments of error (issues) that the verdict is against the evidence or contrary to the law and evidence are not proper for consideration by this Court. *Scarbrough v. City of Lewisburg,* Tenn.App.1973, 504 S.W.2d 377.

Defendant's brief cites no evidence of misconduct by any member of the jury or improper communication to any member of the jury.

■ No evidence of passion, prejudice or caprice is cited. Such misconduct is usually evidenced by an excessive or unconscionable amount of verdict, which is not shown by this record.

Defendant argues that expert testimony demonstrated that defendant did not cause the damage claimed. However, there is evidence from which the jury might have, and evidently did, find that the damages awarded to plaintiffs were caused by defendant.

■ Expert testimony is not ordinarily conclusive, but is purely advisory in charac-ter, and the trier of fact may place whatever weight it chooses upon such testimony and may retract it if it finds that it is inconsistent with the facts or otherwise unreasonable. *Gibson v. Ferguson,* Tenn.1976, 562 S.W.2d 188.

■ In the absence of unimpeachable scientific conclusions, the fact-finding body is not compelled to blindly accept an expert's opinion, but must weigh such opinion along with other conflicting evidence and determine the relative weight of evidence. *Miller v. Alman Construction Co., supra.*

■ Unless the subject of inquiry is of such technical or scientific nature that laymen may be supposed to have insufficient knowledge upon which to base a correct judgment, jurors are not required to accept expert or opinion evidence as conclusive even though uncontradicted; but may draw upon the knowledge and experience which may be supposed to be common to all men and arrive at a conclusion contrary to expert testimony. *Chambers v. Bradley County,* 53 Tenn.App. 455, 384 S.W.2d 43 (1964).

■ If blasting is being done nearby, and if some "jar" or other discernable effect of the blast is felt or discerned at the point of injury and if that damage which would normally result from blasting is observed shortly after the blast, these are sufficient circumstances to sustain an inference of a causal relationship between the blast and the damage. *Silcox v. Smith County,* Tenn.App. 1972, 487 S.W.2d 652.

No merit is found in defendant's ninth issue.

Defendant's tenth issue is as follows:

10. Whether there was not material evidence presented in this case to sustain the verdict of the jury.

Again, defendant states that the evidence shows that the activities of defendant could not cause plaintiffs' damage. On the other hand, the jury heard evidence that the damage to plaintiffs' property occurred during blasting by defendant from which it concluded as a fact, that defendant's blasting caused injury to plaintiffs' property in spite of the

theoretical evidence of defendant that its blasting could not have caused the damage.

■ This Court does not review the weight of evidence heard by a jury. T.R.A.P. Rule 13(d), *Mize v. Skeen*, 63 Tenn. App. 37, 468 S.W.2d 733 (1971); *Strother v. Lane*, Tenn.App.1976, 554 S.W.2d 631.

■ Defendant argues that the verdict is erroneous because plaintiffs' expert admitted that plaintiffs' damages might be due to other causes. The jury saw fit to apply its own judgment to the circumstances and to resolve the issue in favor of plaintiffs. The evidence in this record supports the action of the jury. *See Silcox v. Smith County*, Tenn.App.1972, 487 S.W.2d 652; *Jones v. Oman Construction Co.*, 28 Tenn.App. 1, 184 S.W.2d 568 (1945).

This Court holds that there was material evidence to support the verdict of the jury.

No merit is found in defendant's tenth issue.

Defendant's eleventh issue is as follows:
11. Whether the verdict of the jury is contrary to the weight and preponderance of the evidence.

■ An assignment (issue) that the verdict of the jury was contrary to the weight and preponderance of the evidence cannot be considered by appellate courts in civil cases appealed from a jury verdict. *Shelby County v. Barden*, Tenn.1975, 527 S.W.2d 124.

Defendant's twelfth issue is as follows:
12. Whether the verdict of the jury is unfair and shocking, and far beyond the range of reasonableness.

The only ground asserted in support of this issue is that, although plaintiffs proved $32,000 in damages, it was unreasonable for the jury to attribute 94% of this amount, or $30,000 to the blasting by defendant. No merit is found in this issue.

Defendant's thirteenth and final, issue is:
13. Whether the court erred as a matter of law by failing to grant a remittitur.

■ A jury verdict within the bounds of proven damages does not require a remittitur. *Ellis v. White Freightliner Corpora-tion*, Tenn.1980, 603 S.W.2d 125; *Coyle v. Prieto*, Tenn.App.1991, 822 S.W.2d 596.

The complete record has been meticulously examined by a member of this panel who concurs in the result.

The judgment of the Trial Court is affirmed. Costs of this appeal are assessed against the defendant-appellant. The cause is remanded to the Trial Court for any necessary further proceedings.

Affirmed and Remanded.

CANTRELL, J., concurs.

KOCH, J., concurs in separate opinion.

KOCH, Judge, concurring.

This is an appeal by a stone company from the verdict of a Dickson County jury awarding homeowners $30,000 for the damage to their house caused by blasting at the stone company's quarry between 1986 and 1987. The stone company now takes issue with the admission of expert evidence concerning the cause of damage and evidence of the similar damage to other property owners' houses. It also challenges the jury instructions, the evidentiary foundation for the verdict, and the trial court's refusal to remit the damages.

Under the facts of this case, I concur with the majority's conclusion that the challenged evidence was admissible and that the record contains material evidence to support the jury's verdict. In addition, my own review of the record satisfies me that the jury instructions fairly embodied the legal and factual issues involved in the case and that the trial court properly declined to grant the stone company's request for a remittitur.