SI J. WILLIAMS,

     Plaintiff/Counter-Defendant/
     Appellee,

VS.

MARY C. WILLIAMS,

     Defendant/Counter-Plaintiff/
     Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Davidson Circuit
No. 95D-3793


FILED

November 9, 1998

Cecil W. Crowson
Appellate Court Clerk

Appeal No.
01A01-9709-CV-00522


## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE MURIEL ROBINSON, JUDGE


V. Michael Fox, #13875
First American Center
20th Floor
315 Deaderick Street
Nashville, Tennessee 37238
ATTORNEY FOR PLAINTIFF/COUNTER-DEFENDANT/APPELLEE


Carol L. Soloman, #6649
Casey Moreland, #11069
Washington Square, Suite 400
214 Second Avenue, North
Nashville, Tennessee 37201
ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF/APPELLANT


### AFFIRMED AND REMANDED.



HENRY F. TODD, JUDGE




CONCURS:
BEN H. CANTRELL, PRESIDING JUDGE, M.S.


CONCURS IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

| SI J. WILLIAMS, | ) | Davidson Circuit |
| | ) | No. 95D-3793 |
| **Plaintiff/Counter-Defendant/** | ) | |
| **Appellee,** | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| MARY C. WILLIAMS, | ) | Appeal No. |
| | ) | 01A01-9709-CV-00522 |
| **Defendant/Counter-Plaintiff/** | ) | |
| **Appellant.** | ) | |

# O P I N I O N

In this divorce case, Mary C. Williams, hereafter "wife" has appealed from the judgment of the Trial Court awarding her a divorce from Si J. Williams, hereafter "husband," custody, child support, alimony, insurance, fees and division of property.

Husband is 50, wife is 52. They were married April 8, 1978, when the husband was 30 and the wife 31. Each was employed at a modest salary ($10,000 to $15,000 per year), and their possessions were minimal. Their child, Claire, was born February 20, 1979. They acquired and improved a home, furnishings, automobiles, savings and debts. The husband used and abused alcohol during much of the marriage but was eventually able to control his addiction after a period in a rehabilitation center. The wife became a spendthrift with her credit cards and was eventually forced to seek institutional treatment because of her exposure to her husband's alcoholism before he stopped drinking. The parties' daughter also suffered from her father's alcohol abuse and was treated by three institutions for psychological problems.

In November, 1995, the wife took early retirement from her employment. On November 24, 1995, the husband departed from the marital home.

On December 20, 1995, the husband filed his complaint alleging irreconcilable differences promising to file a marital dissolution agreement. No such agreement is found in the record.

On January 17, 1996, the wife filed her answer and counter-complaint alleging irreconcilable differences, inappropriate marital conduct and adultery. On December 12, 1996, the counter-complaint of the wife was amended to add additional grounds.

On March 19, 1997, the Trial Court entered an order containing the following:

> **THEREFORE ORDERED, ADJUDGED AND DECREED** that both parties are guilty of inappropriate marital conduct. However, Husband's conduct is at a greater degree of fault so Wife is hereby granted a divorce pursuant to T.C.A. § 36-4-129. It is
>
> **FURTHER ORDERED, ADJUDGED AND DECREED** that Wife shall have sole custody of the minor child and Husband shall pay child support in excess of the guidelines for his failure to visit in the amount of $791.00 along with the Clerk's fee of 5% for a total fee of $39.55, for a total of $830.55 by wage assignment beginning January 1, 1997, to continue until the child is eighteen years of age or graduates from high school, whichever comes last. It is
>
> **FURTHER ORDERED, ADJUDGED AND DECREED** that Husband shall pay to Wife alimony *in futuro* until her death or remarriage the sum of $550.00 per month.
> - - - -
> **FURTHER ORDERED, ADJUDGED AND DECREED** that the alimony in this case is backdated to November 1, 1996. Therefore, at the time of trial, Husband owes Wife $1,100.00 alimony for November 1, 1996 to December 1, 1996. Said sum is a judgment for which execution shall issue, if necessary. It is
>
> **FURTHER ORDERED, ADJUDGED AND DECREED** that Husband/Complainant shall provide hospitalization and medical insurance for the minor child until she reaches the age of eighteen or graduates, whichever occurs last. Further, Husband shall pay all uncovered medical and dental, hospital and associated expenses except for the counseling expense. The parties shall equally divide the counseling expenses and Wife shall be responsible for any co-payments and all prescriptions not covered by insurance.
>
> Wife is in sole possession of the homeplace until the minor child reaches eighteen years of age and has graduated from high school at which time the home will be sold and the equity divided. Wife shall be responsible for the mortgage payment from January 1, 1997 forward. If the Wife becomes two months in arrears on the mortgage, the house may be ordered sold sooner than the above-stated time to prevent foreclosure.

Each party will keep his/her own automobile as their sole property and be responsible for the payments thereon and shall hold the other party harmless from same.

Each party shall be entitled to the ownership of his or her retirement free and clear of any claims from the other party.

Wife is awarded the sum of $9,000.00 from Husband as alimony in solido for her share of the funds Husband withdrew from the joint accounts. Said sum shall be paid to Wife out of Husband's share of the equity in the homeplace. Further, the $9,000.00 will draw interest at the legal rate from the day this order is thirty (30) days old forward.

Wife shall remain the beneficiary on the Universal Life policy in the amount of $50,000.00 and Mr. Williams/beneficiary of the $100,000.00 policy as long as Husband is under the obligation to pay Mrs. Williams' alimony.

Wife shall be responsible for her credit card debts in her name and shall hold Husband harmless from same and that Husband shall be responsible for his credit card debts in his name and shall hold Wife harmless from same.

Wife is awarded all household furnishings except for the antique gun, china from Husband's family, and silver from his family, the Snap-On and other related tools will be divided with Wife choosing what she wants first.

All frequent flyer miles shall be equally divided between the parties.

Husband shall pay to Wife's attorney the sum of $3,500.00 for attorney's fees, which is a judgment for which execution shall issue if necessary.

The matter of Husband's agreement to pay one-half of the medical bills shall be reserved pending a written agreement or further hearing as to the amount of the bills.

On April 17, 1997, the wife filed a motion to alter or amend.

On May 15, 1997, the husband filed the following motion:

Comes now Husband, by and through his counsel of record, and moves this Honorable Court for an Order terminating child support. In support of his motion, Husband would show that the minor child of the parties is eighteen years old and will graduate high school on May 28, 1997.

-4-

On August 21, 1997, the Trial Court entered the following agreed order:

**AGREED ORDER**

It appears to the Court from the signatures of counsel below that the parties are in agreement that Husband should pay the Charter Lake Hospital bill and that Husband should pay all the Parthenon Pavilion Medical Center bill. Husband shall pay the Charter Lake Hospital bill and the Partenon Pavilion Medical Center bill in full and shall hold Wife harmless from same. In addition, Husband will pay to Wife the sum of $5,000.00 for all outstanding medical bills, home repairs and all alimony arreages through June 30, 1997, said sum representing $1,650.00 in alimony arrearage and the balance of $4,450.00 being for medical bills and renovation on the homeplace. Further, Husband shall pay $3,611.50 for Wife's attorney fees on the date of the signing of this Order. Husband shall furnish to Wife copies of frequent flyer accounts from December, 1995 to present within thirty (30) days or this agreement shall be null and void, and Husband shall execute any necessary documents to transfer Wife's share of the miles to her. It is

**THEREFORE ORDERED, ADJUDGED AND DECREED** that Husband is responsible for the Charter Lake Hospital bill and shall hold Wife harmless from same inasmuch as same is necessary for Wife's support and well-being. It is

**FURTHER ORDERED** that Husband is solely responsible for the Parthenon Pavilion Medical Center and shall hold Wife harmless from same inasmuch as same is necessary for Wife's support and well-being. It is

**FURTHER ORDERED** that Husband pay to Wife the sum of $5,000.00 at the signing of this agreement which figure covers all sums owned to Wife on the homeplace for renovations and repairs, all medical bills and all alimony arrearages as of June 30, 1997, said sum representing $1,650.00 in alimony arrearage and the balance of $3,350.00 being for medical bills and renovation on the homeplace. It is

**FURTHER ORDERED** that Husband shall pay $3,611.50 for Wife's attorney fee at the time of the signing of this Order. It is

**FURTHER ORDERED** that Husband shall bring to Wife all account statements for frequent flyer miles from December 1995 to date for the following airlines: Southwest, American, Northwest, Delta, TVA, US Air and United. Husband shall execute any necessary documentation to

-5-

transfer Wife's share of the frequent miles to Wife as ordered by this Court. Husband shall provide this documentation at the signing of this agreement, but not later than thirty (30) days thereof. It is

**FURTHER ORDERED** that Husband shall make his payments of alimony in futuro in the amount of $550.00 per month.

- - - -

**FURTHER ORDERED** that child support payments by Husband shall terminate as of June 30, 1997. It is

**FURTHER ORDERED** that Wife shall give Husband two weeks notice when his china and crystal are available from storage and will inform Husband where and when he may retrieve his property, and Husband shall not be responsible for any storage fees on said china and crystal once Wife makes it available. It is

**FURTHER ORDERED** that this Order shall be a final judgment on all outstanding, unresolved issues from this divorce.

On September 22, 1997, the wife filed the following "Amended Notice of Appeal:"

Comes now the Wife/Appellant in this cause, Mary C. Williams, by and through her attorneys, Carol L. Soloman and Casey E. Moreland, and hereby gives notice of her intent to appeal the Court's ruling on the division of marital property, award of alimony and other related issues in this cause, all having been made final by the entry of an Order on the 21st day of August, 1997.

On Appeal, the wife presents the following issues:

I.      Whether the trial court should have extended the child support for the parties' daughter past the age of majority because of the disability caused by the daughter's emotional problems.

II.      Whether the trial court erred in not awarding wife a portion of husband's retirement benefits.

III.      Whether the trial court should have awarded wife $1,700 per month as alimony in futuro rather than $550.00 per month.

The husband presents the issues in the following form:

I. Whether the trial court properly terminated child support when the parties' minor child reached the age of majority, as the appellant failed to prove that the child suffered a disability that prevented her from supporting herself.

II. Whether the trial court properly awarded each party his/her own retirement benefits, which appellant agrees were of approximatley equal value.

III. Whether the trial court erred in awarding alimony in futuro rather than rehabilitative alimony.

Ordinarily, an Agreed Order is an order all provisions of which are agreed upon by the parties. Such an order would not ordinarily be questioned on appeal. It does not appear that all provisions of the August 21, 1997, order quoted above, were agreed upon by the parties. It does appear that the first paragraph of the order recites provisions upon which the parties have agreed. The word, therefore, at the beginning of the second paragraph indicates that the order included in the paragraph was entered pursuant to the agreement of the parties. It also appears that the second, third and fourth "ordering" paragraph were agreed upon by the parties.

From the issues presented to this Court, it appears that the remainder of the order of the Trial Court was not agreed upon by the parties, despite the words "Agreed Order" appearing as the title of the order.

The careful use of the word, agreed, in preparation of orders would avoid troublesome confusion.

**First Issue**: Continuation of Child Support

The wife insists that the child is unable to work and support herself because she is "severely emotionally disturbed." Mr. Elliot Stockard testified that he was "a master level in psychology," a "licensed addiction counselor," that he has been seeing Claire over four years; that she had been hospitalized, was overweight, "pretty obese," nervous, unable to sit still for

long periods of time, and had "ticks" (short movements of her face); that she did not have "substance abuse;" that "Claire's got a lot of sugar;" that she's "acting out her mother's anger;" that "I think a good avenue for Claire would be to continue to be in therapy." Asked if Claire could hold down a job, the witness answered, "I don't think so." Asked, "Do you think she's above average?" He answered, "yes."

Even where only one expert testifies, the fact finder may decide the issues upon its own judgment, considering the expert testimony for what it is worth. *Airline Constr. Co. v. Barr*, Tenn. 1976, 807 S.W.2d 247. *England v. Burns, Stone Co., Inc.*, Tenn. App. 1993, 874 S.W.2d 32. *Edwards v. State*, Tenn. 1976, 540 S.W.2d 641.

In evaluating the testimony of a so-called expert, the Trial Judge has broad discretion in selecting the parts of the testimony which are supported by underlying facts and which are the products of inadmissible conjuncture, TRE Rule 703, *Omni Aviation v. Perry*, Tenn. App. 1990, 807 S.W.2d 276.

The evidence does not preponderate against the decision of the Trial Court to discontinue child support after the age of majority and completion of high school. T.R.A.P. Rule 13(d).

**Second Issue**: Division of Retirement.

The wife "lucked out" by receiving a $22,000 bonus for taking early retirement. She used the $22,000 to pay credit card bills and to finance Band trips and a trip to France for Claire. There is evidence that the retirement rights of the husband are worth about $75,000, and that the wife receives $584.00 per month retirement. The value of the wife's retirement is not shown. There is no evidence of any inequality between the value of the pensions earned by the respective parties during the marriage.

This Court finds no basis for revising the allocation of pensions by the Trial Court.

**Third Issue**: Amount of Alimony.

The wife's claimed expenses include the following:

| | |
|---|---|
| Mortgage payment | $520.51 |
| Utilities | 271.00 |
| Car operation | 250.00 |
| Auto payment | 157.56 |
| Loans and payments | 455.83 |
| Household & personal | 572.00 |
| | $2,226.90 |

The wife's income consists of her pension of $584 per month and the $550 alimony fixed by the Trial Court, a total of $1,134 per month.

The wife insists that she is unable to work because of carpel tunnel surgery which interfere with typing. At the time of the trial she was enrolled in computer training and had purchased a computer. She has office skills other than typing. The divorce decree directs that the home be sold when the child reaches majority. The sale of the house will terminate the mortgage payment, but rent will continue to be an expense unless the wife can acquire a more modest home.

It is evident that the wife is capable of earning money and that her asserted expenses include maintaining her adult child as to which the husband no longer has responsibility.

In view of the convoluted situation of the wife, this Court is unable to find that the evidence preponderates against the decision of the Trial Judge as to the amount of alimony.

The husband insists that the alimony should be temporary and rehabilitative. The present record does not support a revision of the judgment of the Trial Court in this regard. However,

upon proper application and review of the efforts of the wife to re-enter the work force, the Trial Court may see fit to modify the amount and/or duration of alimony to such extent as may be just.

The judgment of the Trial Court is affirmed. Costs of this appeal are assessed against the appellant and her surety. The cause is remanded to the Trial Court for further proceedings.

**AFFIRMED AND REMANDED**.

_____
HENRY F. TODD, JUDGE

CONCUR:

_____
BEN H. CANTRELL, P.J., M.S.

CONCURS IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

SI J. WILLIAMS,                               )        Davidson Circuit
                                             )        No. 95D-3793

        Plaintiff/Counter-Defendant/     )
        Appellee,                            )

                                         )
VS.                                        )

                                       )
MARY C. WILLIAMS,                  )        Appeal No.
                                        )        01A01-9709-CV-00522

        Defendant/Counter-Plaintiff/     )
        Appellant.                          )

## JUDGMENT

In accordance with the opinion of the Court filed herein, the judgment of the Trial Court is affirmed.  Costs of this appeal are adjudged against the appellant and her surety. The cause is remanded to the Trial Court for further proceedings.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

_____
WILLIAM C. KOCH, JR., JUDGE

_____
HENRY F. TODD, JUDGE