IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 5, 2018

**IN RE JOSHUA E., ET AL.**

**Appeal from the Juvenile Court for Davidson County**
**No. 2014-000434; 2014-000435     Sheila Calloway, Judge**

_____

**No. M2017-01184-COA-R3-JV**

_____

Tabitha B. ("Mother"), represented by counsel, appeals the May 31, 2017 order of the Juvenile Court for Davidson County ("the Trial Court"). Mother's brief on appeal fails to comply in any meaningful way with Tenn. R. App. P. 27. We, therefore, find that Mother has waived her issues on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

Daniel Marshall, Nashville, Tennessee, for the appellant, Tabitha B.

Laural Hemenway, Nashville, Tennessee, for the appellee, Terrance E.

**OPINION**

This very contentious case involves parenting issues with regard to the parties' two minor children. Mother filed a Petition for Modification of Parenting Time in May of 2016. The case was heard by a magistrate over multiple days in May and June of 2016. Terrance E. ("Father") filed a motion for a rehearing. The Trial Court then heard the case on October 28, 2016; March 9, 2017; March 30, 2017; April 24, 2017; and May 9, 2017. The Trial Court entered its order on May 31, 2017, which included detailed findings of fact and conclusions of law and the Trial Court's detailed analysis regarding each of the applicable statutory factors in light of the evidence presented. Mother appeals the May 31, 2017 order.

Mother's brief on appeal, submitted by her attorney, fails to comply in any meaningful way with Tenn. R. App. P. 27. Rule 27 of the Tennessee Rules of Appellate Procedure specifies that an appellant's brief must contain, inter alia:

> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

> * * *

> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

Tenn. R. App. P. 27(a).

Mother's brief on appeal does not contain a table of authorities as required by Tenn. R. App. P. 27(a). The lack of a table of authorities, however, is not all that surprising as the brief fails to cite any legal authority whatsoever.

While Mother's brief does contain a "Summary of the Relevant Facts," this section lacks appropriate references to the record. This section of Mother's brief contains a list of "[m]atters pertinent to the instant appeal . . . ." This list contains factual allegations. The only citation Mother provides for the allegations in this list of "[m]atters pertinent to the instant appeal . . ." as relevant to the trial before the Trial Court, however, is a citation to Mother's petition. Mother fails to cite to any actual evidence presented to the Trial Court and contained within the record on appeal that might support these allegations. The transcript of the trial in this case is contained in an electronic recording pursuant to Rule 26 of the Rules of the Supreme Court. Section 4.01 of Rule 26 clearly provides: "The provisions of Rule 27, Tennessee Rules of Appellate Procedure, shall apply except that reference to a volume of the trial record which is an electronic recording shall be to volume number, month, day, year, hour, minute and second at which the reference begins as recorded on the recording." R. Sup. Ct. 26, § 4.01. Mother failed

to provide any citation whatsoever to the electronic recording.

As mentioned above, the argument section of Mother's brief contains no legal authority whatsoever. Nor does it contain any citations to the testimony presented to the Trial Court during this multi-day trial.

Mother does cite to an exhibit in the record that is a letter from a therapist to Mother's attorney. Importantly, although this therapist testified at trial, Mother points us to nowhere within the therapist's testimony in support of Mother's allegations. Mother herself asserts that the therapist's testimony was "*lengthy.*" The Trial Court made findings with regard to the testimony of the therapist and stated that the therapist's testimony was "[t]he most compelling." Mother asserts in her brief on appeal: "The Court's reflections on and summary of [the therapist's] testimony don't match [the therapist's] testimony and her report." As we have stated: "This Court is not under a duty to minutely search a voluminous record to verify unsupported allegations in a brief." *Airline Construction, Inc. v. Barr*, 807 S.W.2d 247, 275 (Tenn. Ct. App. 1990).

Mother also cites to an exhibit that consists of typewritten pages that appear to be specific text messages that were typed out. These pages, however, lack context, and Mother cites us to no testimony within the record on appeal showing anything whatsoever about these alleged text messages. Mother also cites to two exhibits that appear to be police incident reports, but again these exhibits lack context. Finally, Mother cites to the Trial Court's May 31, 2017 order, but the pages cited simply do not contain information in support of the allegations made by Mother in her brief.

A party's failure to comply with the appellate brief requirements set forth in Tenn. R. App. P. 27 can have serious consequences, as we have warned repeatedly:

> Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988). . . . As noted in *England v. Burns Stone Company, Inc.*, 874 S.W.2d 32, 35 (Tenn. Ct. App. 1993), parties cannot expect this court to do its work for them. This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the

3

brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (*citing Airline Const. Inc., [sic] v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

Mother failed to comply in any significant way with Tenn. R. App. P. 27, and this failure makes it impossible for this Court to conduct any realistic review of the Trial Court's judgment. As such, we find and hold that Mother has waived any issues she may have attempted to raise on appeal.

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Tabitha B., and her surety.

_____
D. MICHAEL SWINEY, JUDGE