IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 2, 2025

## NIKKI SIXX v. VANESSA MARIE HENSLEY (CLARK)

**Appeal from the Fourth Circuit Court for Knox County**
No. 152051            Gregory S. McMillan, Judge

_____

## No. E2024-01019-COA-R3-CV

_____

This appeal arises from the trial court's judgment finding the respondent guilty of forty-one counts of criminal contempt of court for violating an order of protection issued on February 23, 2024. The respondent timely appealed from the trial court's order finding her in contempt. However, due to significant deficiencies in the respondent's appellate brief, we conclude that she has waived consideration of all issues on appeal. Accordingly, we dismiss this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which JEFFREY USMAN and VALERIE L. SMITH, JJ., joined.

Mary Ward, Knoxville, Tennessee, for the appellant, Vanessa Marie Hensley (Clark).

Wade V. Davies, Knoxville, Tennessee, and A. Sasha Frid and Adam M. Agatston, Los Angeles, California, for the appellee, Nikki Sixx.

### MEMORANDUM OPINION[1]

### I. Factual and Procedural History

_____

[1] Tennessee Court of Appeals Rule 10 provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This appeal involves findings of criminal contempt related to an order of protection entered against the respondent, Vanessa Marie Hensley (Clark), in response to her continuing use of social media to allegedly stalk the petitioner, Nikki Sixx, and post troubling messages concerning him and his family.[2] Mr. Sixx is a celebrity musician and co-founder of the rock band, Mötley Crüe. On February 23, 2024, the Knox County Fourth Circuit Court ("trial court") issued a five-year order of protection against Ms. Clark, directing that she refrain from stalking, threatening, communicating, or otherwise having any contact with Mr. Sixx. This order is the fourth order of protection entered against Ms. Clark by the trial court since 2021.

In the February 2024 order of protection, the trial court noted:

Respondent has stalked Petitioner by a course of harassing conduct spanning years. The Court finds that Respondent['s] posts on Facebook and lnstagram are intended to reach Petitioner by using hashtags with his name, his wife's name, the names of his bandmates, their tours and/or albums, and the commercial enterprises of Petitioner and his wife. In posts, Respondent has made and re-posted (pinned) allegations about Petitioner's neglect/ mistreatment of his child, his wife's attempting to harm the child in utero, allegations that Petitioner is not the child's father, and has reached out to and included in these posts another stalker who actually trespassed at Petitioner's property in Wyoming. The Petitioner has testified that he did monitor these accounts and see these posts himself in the past, but that others such as bandmates, other family members, and colleagues continue to bring them to his attention. . . . Respondent's actions do not serve a legitimate purpose and are not constitutionally protected. Respondent's harassment, including reaching out to another of Petitioner's stalkers, would cause a reasonable person to feel terrorized, frightened, intimidated, harassed, or molested. Petitioner testified that he has felt those ways as a result of Respondent's actions.

On March 15, 2024, Mr. Sixx filed a sworn petition requesting that the trial court hold Ms. Clark in criminal contempt for forty-two violations of the February 2024 order of protection. Following a hearing in May 2024, the trial court entered an order on June 17, 2024, finding Ms. Clark guilty of forty-one counts of criminal contempt. Ms. Clark timely appealed from the June 2024 order.

---

[2] The complete procedural history of this matter is detailed in this Court's contemporaneously filed Opinion in *Nikki Sixx v. Vanessa Clark*, No. E2024-00403-COA-R3-CV, 2025 WL 1276399 (Tenn. Ct. App. May 2, 2025). In that appeal, the respondent is referred to as "Vanessa Clark" although there are multiple variations of her last name used in the pleadings, including "Hensley," "Crews," and "Cruze." However, because her last name was listed as "Clark" in that appeal, we have referred to her using this surname throughout this Opinion to avoid confusion.

As a threshold matter, we address Ms. Clark's failure to comply with the Tennessee Rules of Appellate Procedure and the rules of this Court concerning her appellate brief. Tennessee Rule of Appellate Procedure 27 states in pertinent part:

(a)     Brief of the Appellant.  The brief of the appellant shall contain under appropriate headings and in the order here indicated:

   (1)     A table of contents, with references to the pages in the brief;

   (2)     A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

   * * *

   (4)     A statement of the issues presented for review;

   (5)     A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

   (6)     A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

   (7)     An argument, which may be preceded by a summary of argument, setting forth:

      (A)     the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

      (B)     for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) . . . .

   (8)     A short conclusion, stating the precise relief sought.

Similarly, Tennessee Court of Appeals Rule 6 provides in pertinent part:

(a)     Written argument in regard to each issue on appeal shall contain:

> (1)     A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
>
> (2)     A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
>
> (3)     A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
>
> (4)     A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b)     No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded.  No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Following our careful review, we conclude that Ms. Clark's appellate brief contains significant deficiencies with regard to the above-listed requirements.  First, Ms. Clark's brief contains no statement of the issues as required by Tennessee Rule of Appellate Procedure 27(a)(4).  As this Court has previously explained:

> The requirement of a statement of the issues raised on appeal is no mere technicality.  First, of course, the appellee is entitled to fair notice of the appellate issues so as to prepare his or her response.  Most important, this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed.  On appeal, "[r]eview generally will extend only to those issues presented for review." Tenn. R. App. P. 13.

*Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011).

Second, although Ms. Clark's brief does contain some argument, this Court has previously held that a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) (quoting *Newcomb v Kohler Co.*, 222 S.W.3d 368, 400 (Tenn. Ct. App. 2006)); *see also Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010) (holding that issues are waived on appeal "where a party fails to develop an argument in support of his or her contention"); *Bruce v. Jackson*, No. E2023-00443-COA-R3-CV, 2024 WL 1234945, at *4 (Tenn. Ct. App. Mar. 22, 2024) (same). Ms. Clark's argument, which spans slightly more than three pages of her brief, is skeletal and insufficient to preserve any claims. *See* Tenn. R. App. P. 27(a)(7); *Chiozza*, 315 S.W.3d at 489.

More significantly, Ms. Clark's entire appellate brief contains no citations to the record on appeal and few citations to relevant authority to support her factual allegations and argument. *See* Tenn. R. App. P. 27(a)(6), (7); Tenn. Ct. App. R. 6(a), (b). "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). We reiterate the clear directive of Tennessee Court of Appeals Rule 6(b):

> No complaint of or reliance upon action by the trial court will be considered on appeal <u>unless the argument contains a specific reference to the page or pages of the record where such action is recorded</u>. No assertion of fact will be considered on appeal <u>unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.</u>

(Emphasis added.)

Moreover, as this Court has explained regarding deficiencies in an appellate brief:

> For good cause, we may suspend the requirements or provisions of these rules in a given case. However, the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court. *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928). Plaintiff's failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review. *See Duchow v. Whalen*, 872 S.W.2d 692 (Tenn. Ct. App. 1993); *see also Lucas v. Lucas*, 1998 WL 136553 (Tenn. Ct. App. March 27, 1998).

*Bean*, 40 S.W.3d at 54-55.

In the instant appeal, the deficiencies within Ms. Clark's appellate brief are sufficiently substantial to make it difficult for this Court to discern Ms. Clark's issues on appeal and the relevant facts pertaining thereto. As this Court determined in *England v. Burns Stone Co., Inc.*, 874 S.W.2d 32, 35 (Tenn. Ct. App. 1993), "[t]his Court is not under a duty to minutely search a voluminous record to locate and examine matters not identified by citation to the record" (citing *McReynolds v. Cherokee Ins. Co.*, 815 S.W.2d 208, 211 (Tenn. Ct. App. 1991)). The *England* Court further clarified that "[p]arties cannot expect this Court to do the work of counsel." *England*, 874 S.W.2d at 35. "It is not the function of this Court to verify unsupported allegations in a party's brief or to research and construct the party's argument." *Chiozza*, 315 S.W.3d at 489. Therefore, due to the significant deficiencies in her brief, Ms. Clark's issues presented on appeal are deemed waived. *See Bean*, 40 S.W.3d at 54-55.

## II. Conclusion

For the reasons stated above, the appeal of this matter is dismissed. The case is remanded to the trial court for collection of costs assessed below. Costs on appeal are assessed to the appellant, Vanessa Marie Hensley (Clark).


s/ Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE

- 6 -