IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 5, 2001 Session

## DARLETTE I. BILLINGSLEY, ET AL. v. JANELLE C. WAGGENER

**Appeal from the Circuit Court for Williamson County**
**No. 97512     J. Russ Heldman, Judge**

---

**No. M2001-01015-COA-R3-CV - Filed January 4, 2002**

---

This is an automobile accident case where each party claims she had the green light when she entered the intersection where the accident occurred. In addition to the depositions of the parties, Defendant submitted expert testimony to the effect that Plaintiff's version of the accident was physically impossible while Defendant's version was not. The Trial Court granted summary judgment to Defendant after concluding, as a matter of law, that Plaintiff's negligence was at least 50% under comparative fault principles. We conclude that genuine issues of material fact exist and vacate the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the
Circuit Court Vacated; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

W. Scott Sims, Nashville, Tennessee for the Appellants Darlette and Rodney Billingsley.

James L. Woodard, Franklin, Tennessee, for the Appellee Janelle C. Waggener.

# OPINION

## Background

Darlette I. Billingsley ("Plaintiff")[1] filed an amended complaint against Janelle C. Waggener ("Defendant") for personal injuries resulting from an automobile accident which occurred in Williamson County on September 13, 1996. Plaintiff claimed Defendant negligently made a left hand turn in front of her vehicle causing the accident. Defendant filed an answer denying the pertinent allegations in the amended complaint and asserted, inter alia, that Plaintiff's negligence was the proximate cause of the accident and Plaintiff's claim should be barred pursuant to applicable comparative fault principles. The next document in the record is Defendant's motion for summary judgment which was filed after several depositions had been completed. Defendant claimed that based on the depositions of the parties as well as the deposition of her expert witness, there was no genuine issue of material fact "that the fault of the Plaintiff, Darlette I. Billingsley, is at least 50% in causing the motor vehicle accident which is the subject of the Complaint; and, that all reasonable jurors would find the Plaintiff's fault was 50% or more . . . ."

Plaintiff testified in her deposition that she was traveling southbound on Franklin Road. There are two southbound and two northbound lanes of traffic, as well as a left turn lane for northbound traffic. As Plaintiff was proceeding southbound, Defendant turned left in front of Plaintiff. Plaintiff claims the light was green as she approached the intersection, and it did not turn yellow until just before the impact with Defendant's car. Plaintiff testified that as she approached the intersection, there were two vehicles in the left turn lane, the second one being Defendant's vehicle. The first car turned left requiring Plaintiff to apply the brakes in order to slow down and avoid impact. Defendant then followed behind the first car and turned left. Plaintiff described these events as follows:

> Q.     Did you almost have a collision with the first car that turned?
>
> A.     I had slowed down enough to miss that car, and I was thinking if the second car is going to turn, there's going to be nowhere for me to go or I won't be able to stop in time, because there was cars to the left and behind me. And, of course, I couldn't pull over to the right because of the cars sitting at the traffic light.
>
>                         * * *
>
> Q.     Now, had the second car – the second car, I assume, is the one you collided with; is that correct?

---

[1]Ms. Billingsley's husband also is a named plaintiff. For ease of reference, we will refer only to Ms. Billingsley singularly as the "Plaintiff" in this action.

A.    Yes.

Q.    Had the second car began to move or was it still stopped at the time the first car made the left turn?

A.    To the best of my memory it was stopped kind of in the middle – beyond the bar on her side.

Q.    It was stopped beyond the bar?

A.    So she was kind of out in the intersection.

Plaintiff then stated she could not remember if she was braking when Defendant's car turned in front of her, but she did remember braking for the first car. Plaintiff stated she was already in the intersection when Defendant pulled in front of her. According to Plaintiff, she "had nowhere to go, I could not stop in time to prevent from hitting the car. I can't give you any distances exactly other than an estimate from what I can remember"

Defendant testified in her deposition that the only objects obstructing her view when she was in the left hand turn lane were the cars traveling southbound. There was a traffic signal at the intersection where the accident occurred. Defendant testified the light was green when she first noticed the traffic signal which governed the traffic going through the intersection. The green turn arrow became lit when Defendant was approximately one car length from the intersection. She never saw Plaintiff's vehicle prior to the impact. Defendant succinctly described her version of the accident as follows:

A.    I came into the intersection with a green light which came, I approached the intersection with the green light. As I drew closer to the line where one would stop, I got a green arrow. In my driving training, a green arrow gives you the right of way. I continued to make my turn, and as I crossed that first lane, I noticed the yellow arrow. And as I crossed that lane, I was struck by Mrs. Billingsley going full force.

Q.    So the arrow changed from green to yellow as you started your turn?

A.    No. I was in the turn, sir.

In support of her motion for summary judgment, Defendant also submitted the deposition of Clarence Bennett ("Bennett") as an expert witness. Bennett was provided photographs showing the intersection where the accident occurred, the depositions of Plaintiff and Defendant, photographs of one of the vehicles and the accident report. He also personally inspected the accident

site. The substance of Bennett's testimony, as taken from Defendant's responses to Interrogatories, is as follows:

> The substance of opinions upon which Mr. Bennett is expected to testify are based upon the physical facts as related by Mrs. Billingsley and Mrs. Waggener in their depositions, the sequence and operational characteristics of the traffic signals, and description of the movements of traffic at the intersection. The conclusion of Mr. Bennett is that the description of the accident given by Mrs. Billingsley is a physical impossibility and that the facts as related by Mrs. Billingsley could not have occurred within the time, distance and at the speed related by her in her deposition. Mr. Bennett is of the opinion that the left turn arrow for northbound traffic comes on only after the red traffic signal for southbound traffic comes on. Mr. Bennett is also of the opinion that everything related by Mrs. Waggener in her deposition could have occurred.

Plaintiff filed a motion in limine to exclude the testimony of Defendant's expert, claiming that Defendant's expert was making a credibility determination and this testimony would not substantially assist the trier of fact.

The Trial Court granted Defendant's motion for summary judgment. In so doing, the Trial Court stated that based on the depositions of the parties and Defendant's expert, as well as the motion for summary judgment and response thereto, that:

> Plaintiff, Darlette I. Billingsley, in response to the Statement of Material Fact stated her opinion that she could not have avoided the accident, but that said opinion is not admissible into evidence and therefore is not a matter for consideration on the Motion for Summary Judgment, but even if her opinion is admissible into evidence, the opinion is not sufficient to create a genuine issue of material fact and the Court finds that the negligence of the Plaintiff, Darlette I. Billingsley, constitutes at least 50% of the total fault of the parties and the Court further finds that as a matter of law there are no genuine issues of material fact and that Plaintiff, Darlette I. Billingsley's fault is equal to or greater than the Defendant's and that Janelle C. Waggener is entitled to judgment as a matter of law.

Although the Trial Court relied upon the testimony of Bennett in rendering its decision, the Trial Court nevertheless declined to rule on the merits of Plaintiff's motion in limine and simply denied same as being moot since the case had been dismissed.

Plaintiff appeals, claiming that the grant of summary judgment to Defendant was improper as there are genuine issues of material fact. Plaintiff also challenges the admissibility of the testimony of Bennett.

## Discussion

The standard for review of a motion for summary judgment is set forth in *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.
>
> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples*, 15 S.W.3d at 88-89. A fact is "material" for summary judgment purposes, if it "must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999)(quoting *Byrd v. Hall*, 847 S.W.2d at 211).

In *Eaton v. McLain,* 891 S.W.2d 587 (Tenn. 1994), our Tennessee Supreme Court stated that in comparative fault cases the question is: "assuming that both plaintiff and defendant have been found guilty of negligent conduct that proximately caused the injuries, was the *fault attributable to plaintiff equal to or greater than the fault attributable to the defendant*"? *Id.* at 590. The Court went on to state several factors to be considered when assigning fault to a party. Although not an exclusive list, the factors set forth include:

> (1) the relative closeness of the causal relationship between the conduct of the defendant and the injury to the plaintiff; (2) the reasonableness of the party's conduct in confronting a risk, such as whether the party knew of the risk, or should have known of it; (3) the extent to which the defendant failed to reasonably utilize an existing opportunity to avoid the injury to the plaintiff; (4) the existence of a sudden emergency requiring a hasty decision; (5) the significance of what the party was attempting to accomplish by the conduct, such as an attempt to save another's life; and (6) the party's particular capacities, such as age, maturity, training, education, and so forth.

891 S.W.2d at 592 (footnotes omitted).

Both parties claim to have had the green light when they entered the intersection. Both parties have given descriptions of the accident which, if believed by a jury, could support a verdict in their favor or a determination that the other party was more than 50% at fault. Defendant points out several inconsistencies in Plaintiff's deposition testimony. While Plaintiff's testimony is inconsistent at times, these inconsistencies are not fatally defective and are not so drastic as to render her entire testimony of the events a nullity. These inconsistencies go to the weight to be afforded her testimony, which is a proper consideration for a jury.

The fact that Bennett believes Defendant's version of how the accident occurred is more reliable than Plaintiff's does not change our conclusion that a fact issue is presented. This is especially true since a trier of fact is free to disregard expert testimony if it so chooses. Again, this is testimony that needs to be weighed by a jury. *See England v. Burns Stone Company, Inc.,* 874 S.W.2d 32, 38 (Tenn. Ct. App. 1993)("Expert testimony is not ordinarily conclusive, but is purely advisory in character, and the trier of fact may place whatever weight it chooses upon such testimony and may retract it if it finds that it is inconsistent with the facts or otherwise unreasonable.… In the absence of unimpeachable scientific conclusions, the fact-finding body is not compelled to blindly accept an expert's opinion, but must weigh such opinion along with other conflicting evidence and determine the relative weight of evidence.")(citations omitted). Based upon the record before us, we cannot say that Bennett's opinions rise to the level of "unimpeachable scientific conclusions."

Applying the standard of review required by *Staples*, we find that the facts and inferences to be draw from the facts in the record before us are not such that would permit a reasonable person to reach only one conclusion. Therefore, we conclude there is a genuine issue of material fact in this case, and the Trial Court erred in concluding, as a matter of law, that Plaintiff's fault was equal to or greater than that of Defendant. The summary judgment granted to Defendant is vacated.

Because we vacate the grant of summary judgment to Defendant, Plaintiff's motion in limine is no longer moot. We decline to decide this issue on appeal without the benefit of a ruling by the Trial Court on the merits of this motion. We, therefore, vacate that determination by the Trial Court and remand for a consideration on the merits.

## Conclusion

The judgment of the Trial Court is vacated and this case is remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to the Appellee Janelle C. Waggener.

_____
D. MICHAEL SWINEY