IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 2, 2020

## REI NATION LLC v. LATASHA TENNIAL

**Appeal from the Circuit Court for Shelby County**
**No. CT-4592-19     Felicia Corbin-Johnson, Judge**

_____

### No. W2020-00223-COA-R3-CV

_____

In this forcible entry and detainer case, REI Nation, LLC ("REI") filed a detainer warrant against LaTasha Chanta Tennial ("Tennial") in the General Sessions Court for Shelby County ("the General Sessions Court") to obtain possession of certain foreclosed-upon real estate ("the Property") it had purchased. The General Sessions Court entered judgment for REI. Tennial appealed to the Circuit Court for Shelby County ("the Circuit Court") for trial *de novo*. The Circuit Court found for REI, as well. Tennial appeals to this Court. Discerning no reversible error in the Circuit Court's judgment, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

LaTasha Chanta Tennial, pro se appellant.

Russell W. Savory, Memphis, Tennessee, for the appellee, REI Nation, LLC.

# MEMORANDUM OPINION[1]

## Background

The Property, once home to Tennial, is located in Memphis, Tennessee. The Property was foreclosed upon several years ago. REI, a real estate investment company, purchased the Property in June 2019. In July 2019, REI filed a detainer warrant against Tennial in the General Sessions Court to obtain possession of the Property. However, REI discovered that Tennial was in the midst of Chapter 13 bankruptcy proceedings. REI moved to terminate the automatic stay so it could proceed with its case. The United States Bankruptcy Court Western District of Tennessee, Western Division, entered an order stating that "the Automatic Stay be and is hereby terminated nunc pro tunc to March 25, 2019 for the purpose of allowing REI Nation, LLC, to exercise its state law remedies to obtain possession of [the Property]." In October 2019, trial was held in the General Sessions Court. The General Sessions Court thereafter entered judgment for possession in favor of REI. Tennial timely appealed to the Circuit Court for trial *de novo*. The record on appeal contains no transcript or statement of the evidence reflecting the testimony from that trial. In January 2020, the Circuit Court entered an order finding in favor of REI. The Circuit Court stated:

> This appeal from the forcible entry and detainer judgment of the General Sessions Court was tried on January 23, 2020, and the Court, having considered the evidence presented and the statements of counsel for Plaintiff, and Defendant, pro se, finds that REI Nation, LLC, is the owner of [the Property], and has the superior right to possession thereof, and that a final judgment should be entered accordingly.
>
> IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED that REI Nation, LLC be restored to the possession of [the Property], and that a Writ of Possession issue therefore. Costs are hereby assessed against Latasha Tennial, for which let execution issue.

Tennial timely appealed to this Court.

---

[1] Rule 10 of the Rules of the Tennessee Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

**Discussion**

Tennial, pro se, raises seven issues on appeal, which we quote as follows:

1) REI Nation's breach of contract claim is spurious, uncorroborated, and plagued with erroneous assumptions meant to distort my original complaint.
2) There is not a contract; nor has there ever been any agreement whatsoever that I entered into with REI Nation; without a contract a Breach of a Contract simply put does not exist.
3) The United States Bankruptcy Court in the Western Division for Tennessee issued an ordered agreement on March 26, 2019 that involved Bank of America N.A., Carrington Mortgage Services, LLC, and I are the **ONLY** parties in the agreement; REI NATION is not a party of that agreement.
4) The order clearly states that I should remain as an occupant until the conclusion of the wrongful foreclosure lawsuit pending in the Court of Appeals.
5) REI Nation failed to give proper Notice, prior to the FED being filed.
6) The service of the detainer warrant is defected [sic].
7) This case was set for a continuous [sic] numerous times, and each continuous [sic] was without the consent of all parties.

We begin by observing that Tennial's brief fails to comply with Tennessee Rule of Appellate Procedure 27, which governs appellate briefs. Tenn. R. App. P. 27 specifies that an appellant's brief must contain, *inter alia*:

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

***

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:
(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

Tenn. R. App. P. 27(a).

Tennial's brief does not contain a table of authorities as required. Indeed, Tennial's brief cites no legal authority. Tennial also fails to cite to the record on appeal, which consists of one volume of technical record. The record contains no transcript. "In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). Throughout the whole of her brief, Tennial makes unsupported legal and factual assertions. A party's failure to comply with the appellate brief requirements set forth in Tenn. R. App. P. 27 can have serious consequences, as we have warned repeatedly:

> Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988).... As noted in *England v. Burns Stone Company, Inc.*, 874 S.W.2d 32, 35 (Tenn. Ct. App. 1993), parties cannot expect this court to do its work for them. This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (*citing Airline Const. Inc., [sic] v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

We are aware that Tennial is a pro se litigant and have tried to give her the benefit of the doubt. Nevertheless, pro se litigants must comply with the same substantive and procedural rules that apply to represented parties. As this Court explained in *Young v. Barrow*:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222,

-4-

227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003).

Tennial's failure to comply with Tenn. R. App. P. 27 is reason enough to find her issues waived. In addition, REI argues that the appeal is now moot since Tennial has been evicted from the Property and the Property has been sold to bona fide purchasers.

Even affording Tennial the maximum possible leeway and pressing on with her issues, we find no merit in what she has raised. Tennial states, for instance, that she had no contractual relationship with REI. That may well be, but it is beside the point. The Circuit Court's judgment was not based upon any purported contractual relationship between Tennial and REI. Rather, it was based upon a finding that REI "is the owner of [the Property], and has the superior right to possession thereof." Tennial fails to contend with that finding, which was the basis of the judgment against her. Tennial also asserts that an order by the Bankruptcy Court "clearly states" that she may remain an occupant of the Property until her separate wrongful foreclosure lawsuit is concluded. However, as is the case throughout Tennial's brief, this assertion is unsupported by any citation to the record or to the law. Tennial states further that service of the detainer warrant upon her was insufficient or defective. However, the record reflects service on July 13, 2019 to an "adult person found in possession of premises, who gave the name of Latasha Cennial (occupant)." Tennial's name was misspelled, but the record nevertheless reflects that service was achieved. Finally, Tennial states that the case was reset below numerous times without the consent of all parties. However, Tennial fails to explain how or why that would entitle her to any relief on appeal. In sum, we discern no reversible error in the Circuit Court's judgment. We affirm.

## **Conclusion**

The judgment of the Circuit Court is affirmed, and this cause is remanded to the Circuit Court for collection of the costs below. The costs on appeal are assessed against the Appellant, LaTasha Chanta Tennial, and her surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE