IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 25, 2026 Session

## YIN C. LEMLEY v. WILLIAM A. ROWE ET AL.

**Appeal from the Chancery Court for Monroe County**
**No. 21,373        Jerri S. Bryant, Chancellor**

_____

### No. E2025-00627-COA-R3-CV
_____

This appeal arises from an action for breach of a contract wherein the defendants had agreed to assist the plaintiff in purchasing improved real property.  Following a bench trial, the trial court found that the plaintiff had committed the first material breach of the parties' contract, had acted in bad faith, and had misrepresented information to the defendants regarding her performance of the contract.  However, the court determined that the defendants had continued to accept payment on the contract after the plaintiff's breach.  The trial court awarded to the plaintiff a judgment in the amount of $170,470.04, representing reimbursement of all payments she had made to the defendants, plus interest, but minus expenses incurred by the defendants over the course of the agreement.  The trial court denied the plaintiff's request for specific performance.  The plaintiff has appealed.  Due to significant deficiencies in the plaintiff's appellate briefs, we conclude that she has waived consideration of all issues on appeal.  Accordingly, we dismiss this appeal.  We deny the defendants' request for an award of attorney's fees incurred on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which KRISTI M. DAVIS, J., and D. KELLY THOMAS, SP.J., joined.

Robert L. Huskey and Jason L. Huskey, Manchester, Tennessee, for the appellant, Yin C. Lemley.

W. Allen McDonald, Knoxville, Tennessee, for the appellees, William A. Rowe and Ying-Yu Rowe.

## MEMORANDUM OPINION[1]

### I.  Factual and Procedural Background

The plaintiff, Yin C. Lemley, is the sister of defendant Ying-Yu Rowe and sister-in-law of defendant William A. Rowe.  It is undisputed that in the fall of 2014, Ms. Lemley and the Rowes entered into an agreement to purchase a parcel of improved real property ("the Property"), which is located next to the Rowes' property on Brunner Road in Sweetwater, Tennessee.  At that time, Ms. Lemley resided in Pensacola, Florida, and was undergoing divorce proceedings with her former husband.  When the parties began discussing the purchase of the Property and Ms. Lemley's relocation to it, Ms. Lemley maintained that she could not purchase the Property because her assets were frozen due to her pending divorce.  Although the parties' agreement was initially oral, they memorialized many details via email communication.

On June 28, 2021, Ms. Lemley filed a complaint in the Monroe County Chancery Court ("trial court"), naming the Rowes as defendants and alleging that they had breached the parties' agreement and acted fraudulently.  In its final judgment, the trial court found that the parties' agreement included the following terms as a workaround of Ms. Lemley's frozen assets:  the Rowes agreed to secure $295,000.00 in financing for Ms. Lemley through a $5,000.00 one-time payment; a $90,000.00 loan from the Rowes; and a $200,000.00 loan from a friend named "Dorothy."[2]  The $90,000.00 loan originated with a certificate of deposit belonging to Ms. Rowe, and the Rowes asked Ms. Lemley to pay 1.75% interest on this amount.  The $200,000.00 loan, which the Rowes told Ms. Lemley came from Dorothy, included a 4.00% interest rate.  Ms. Lemley had agreed to pay back the financing at the rates offered once her divorce was final.  The trial court found that the parties had agreed to place the Property title in the Rowes' names at closing "in an effort to hide the transaction from [Ms. Lemley's] husband."  With the financing in place, the parties paid a purchase price of $325,000.00 to obtain the Property from its previous owners in December 2014.  Ms. Lemley contributed $30,000.00, and the Rowes contributed $295,000.00.

---

[1] Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The record demonstrates that although "Dorothy" may have been a real person, she did not contribute any funds to the purchase of the Property.  Ms. Rowe testified that she feared Ms. Lemley would not repay all the money loaned to her if Ms. Lemley thought the money came from the Rowes.  Therefore, the Rowes represented to Ms. Lemley that the $200,000.00 loan came from "Dorothy."

The record indicates that soon after the purchase, disagreements and negotiations ensued regarding who should pay for utilities, how much the interest rate on the $90,000.00 loan should be, whether the Property could be rented to anyone before Ms. Lemley relocated to it, and the need for repairs or improvements to the Property. Despite these disagreements, Ms. Lemley began moving her belongings, including gold coins and jewelry, to the Property with the assistance of Mr. Rowe. Between November 2014 and early 2021, Ms. Lemley moved a significant portion of her belongings onto the Property. During this same period, Ms. Lemley also tendered sporadic payments related to the Property, which the Rowes accepted. However, Ms. Lemley never finished paying for the Property, maintaining that her divorce had not been finalized. According to the parties, this state of affairs came to a head in March 2021 when Mr. Rowe discovered that Ms. Lemley's divorce had been final since 2017. At this point, Mr. Rowe prevented Ms. Lemley from moving onto the Property and claimed that the Rowes owned the Property rather than Ms. Lemley.

When Ms. Lemley filed her complaint in June 2021, she alleged that the Rowes had fraudulently breached the agreement by refusing to transfer ownership of the Property to her and by raising the previously agreed annual percentage yield ("APY") interest rate on the $90,000.00 loan. Ms. Lemley also averred that the Rowes had failed to return her gold coins and jewelry. Ms. Lemley sought specific performance of the parties' agreement, return of her gold coins and jewelry, and an award of attorney's fees.

On September 16, 2021, the Rowes filed a motion to dismiss for failure to state a claim, pursuant to Tennessee Rule of Civil Procedure 12.02(6), and responses to Ms. Lemley's requests for admissions. In their responses, the Rowes posited that the agreement had always been that Ms. Lemley would acquire the house upon paying off the financing. They denied that the interest rate respecting the $90,000.00 loan had ever been 1.15% APY, as Ms. Lemley had insisted. Ms. Lemley filed a response opposing the motion to dismiss. Following a hearing, the trial court denied the motion to dismiss by order entered on October 7, 2022.

On October 24, 2022, the Rowes filed an answer to the complaint, which they subsequently amended to correct an omission in the original. The Rowes denied offering a 1.15% interest rate on the $90,000.00 loan and denied refusing to return Ms. Lemley's gold coins and jewelry. They raised several affirmative defenses, including, *inter alia*, that the contract was unenforceable under the Statute of Frauds, that Ms. Lemley had committed the first material breach, and that Ms. Lemley had violated the implied covenant of good faith and fair dealing.

On December 7, 2023, the Rowes filed a motion for partial summary judgment requesting dismissal of Ms. Lemley's claim that the Rowes had withheld her gold coins and jewelry and her request for an award of attorney's fees. Following a hearing, the trial court entered an order on January 28, 2025, denying the partial summary judgment motion.

However, upon a subsequent announcement made by Ms. Lemley, the trial court entered an order the following day accepting voluntary dismissal without prejudice of Ms. Lemley's claims regarding the gold coins and jewelry.

In an agreed order entered on January 8, 2024, the trial court directed the parties to participate in mediation. On the same date, Ms. Lemley filed a motion to amend her complaint, claiming for the first time that the Rowes had entered into a secret agreement with the Property's former owners. Pleadings filed in December 2024 indicate that mediation was unsuccessful.

The trial court conducted a two-day bench trial in February 2025.[3] Ms. Lemley, Mr. Rowe, and Ms. Rowe each testified. In addition, the Rowes presented testimony from Ms. Lemley's adult daughter, and Ms. Lemley presented testimony from one of the sellers of the Property.

On April 7, 2025, the trial court entered an order, finding that Ms. Lemley had been the first to breach the parties' contract. Specifically, the court determined that Ms. Lemley had "breached the agreement by misrepresenting the date of her divorce and by failing to pay [the Rowes] in a timely manner after the divorce was finalized." However, the court also found that the Rowes had continued to accept payments from Ms. Lemley after the breach and that Ms. Lemley had paid a total of $232,761.58 toward the purchase of the Property. The court denied Ms. Lemley's request for specific performance of the contract and instead awarded to Ms. Lemley a monetary judgment in the amount of $170,470.04, representing the amount she had paid minus $62,291.54 in expenses that had been proven by the Rowes. The trial court subsequently entered an agreed order awarding discretionary costs to the Rowes in the amount of $2,731.95.

Ms. Lemley timely appealed. She also filed a motion for stay of the judgment pending appeal, which the trial court denied by order entered on July 29, 2025.

## II. Failure to Comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6

As a threshold matter, we address Ms. Lemley's failure to comply with the Tennessee Rules of Appellate Procedure and the rules of this Court in her appellate briefs. Tennessee Rule of Appellate Procedure 27(a) states in pertinent part:

Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

---

[3] In its final order, the trial court inadvertently stated that the second day of trial was February 19, 2025. The trial was actually held on February 18 and 28, 2025.

(1)     A table of contents, with references to the pages in the brief;

(2)     A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

* * *

(4)     A statement of the issues presented for review;

(5)     A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6)     A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7)     An argument, which may be preceded by a summary of argument, setting forth:

(A)     the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B)     for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) . . . .

(8)     A short conclusion, stating the precise relief sought.

Similarly, Tennessee Court of Appeals Rule 6 provides:

(a)     Written argument in regard to each issue on appeal shall contain:

(1)     A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Following our careful review in light of these requirements, we conclude that Ms. Lemley's appellate briefs contain significant deficiencies. Most significantly, although Ms. Lemley has included in her principal brief a section entitled, "Table of Authorities," the section includes only the following paragraph:

This is an appeal not based on law, but rather facts presented through email communications of the parties, primarily the Defendants, and a major issue with the equity of the ruling.

There are no citations to any legal authority in either Ms. Lemley's principal brief or reply brief. Consequently, her argument does not include any support from statutes, cases, or other authorities, and she has not included a standard of review for any of the issues raised. *See* Tenn. R. App. P. 27(a)(2), (7). Contrary to Ms. Lemley's assertion in her statement of authorities, an appeal in this Court must be based on the law as it is applied to the facts. Ms. Lemley has proffered no legal authority in support of her issues raised on appeal.

Furthermore, Ms. Lemley's citations to the record are sparse. *See* Tenn. R. App. P. 27(a)(6), (7)(A); Tenn. Ct. App. R. 6. The statement of facts is two pages in length with no citations to the record until the second page. Ms. Lemley then cites to trial exhibits in support of certain monetary amounts related to the parties' agreement, copies of checks, and an expense log. However, other factual assertions are included with no citations to the record. In the argument section of her principal brief, Ms. Lemley includes more than

eleven pages of narrative, only occasionally citing to exhibits or the trial transcript. A portion of the narrative is told from Ms. Lemley's counsel's point of view regarding what occurred during discovery but with no citation to the record. Of five citations made to the transcript, two are to statements of opposing counsel and three are to a ruling or statement made by the trial court. Although Ms. Lemley references testimony at several points, she provides no direct citations to testimony in her principal brief and only two citations to testimony in her reply brief. We determine Ms. Lemley's citations to the record to be insufficient.

Additionally, the conclusion of Ms. Lemley's principal brief is lengthy, narrative in nature, and fails to state "the precise relief sought," as required by Tennessee Rule of Appellate Procedure 27(a)(8). At one point in the last paragraph of the three-page conclusion, Ms. Lemley states that "she should receive the property." However, the conclusion does not mention the remedy of specific performance, and the conclusion ends by addressing the defendants' motivations (with no citations to the record) rather than by requesting precise relief under the law.

In their responsive brief, the Rowes argue that Ms. Lemley's appeal should be dismissed because she has failed to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6. Ms. Lemley has filed a reply brief wherein she has not addressed the issue of noncompliance with procedural rules except to state that the Rowes' "brief seeks to attack the technicalities . . . ." Instead, Ms. Lemley challenges the Rowes' statement of facts by again proffering a narrative of the facts with no citations to authority and sparse citations to the record. *See* Tenn. R. App. P. 27(a)(6), (7)(A); Tenn. Ct. App. R. 6. In the final paragraph of her reply brief, Ms. Lemley does set forth alternate "equitable" remedies, including specific performance. However, the precise relief requested is not clearly stated. *See* Tenn. R. App. P. 27(a)(8).[4]

Upon thorough review, we determine that Ms. Lemley's argument is unsupported by authority and her citations to the record are insufficient to support her statement of facts or her argument. As this Court has previously explained regarding proper citations to the record and to legal authority in an appellate brief:

> Our Courts have "routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as described by Rule 27(a)(7) constitutes a waiver of the issue[s] [raised]." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). In *Bean*, we went on to hold that "an issue is waived where it is simply raised without

---

[4] After oral argument before this Court, Ms. Lemley filed a "Motion for Suspension of Rules," pursuant to Tennessee Rule of Appellate Procedure 2, requesting that this Court grant "relief from the technicality of the Rules" and take note of a citation to a case made in Ms. Lemley's "trial brief." The Rowes filed a response objecting to the motion. Upon careful consideration of the motion, we determine that it is not made "[f]or good cause." *See* Tenn. R. App. P. 2. The motion is hereby DENIED.

any argument regarding its merits." *Id*. at 56; *see also Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (holding that the failure of a party to cite to any authority or to construct an argument regarding his or her position on appeal constitutes waiver of that issue). As we stated in *Newcomb*, a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *Newcomb*, 222 S.W.3d at 400. It is not the function of this Court to verify unsupported allegations in a party's brief or to research and construct the party's argument. *Bean*, 40 S.W.3d at 56.

*Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009).

Regarding deficiencies in an appellate brief, this Court has clarified:

For good cause, we may suspend the requirements or provisions of these rules in a given case. However, the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court. *Crowe v. Birmingham & N.W. Ry. Co.*, 156 Tenn. 349, 1 S.W.2d 781 (1928). Plaintiff's failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review. *See Duchow v. Whalen*, 872 S.W.2d 692 (Tenn. Ct. App. 1993); *see also Lucas v. Lucas*, 1998 WL 136553 (Tenn. Ct. App. March 27, 1998).

*Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000); *but see DiNovo v. Binkley*, 706 S.W.3d 334, 337 (Tenn. 2025) ("In contrast, appellate courts have appropriately soldiered on to consider a party's arguments when . . . the party's brief simply fails to repeat record citations in the argument section that are readily available in earlier sections.").

In the instant appeal, the deficiencies within Ms. Lemley's appellate briefs are sufficiently substantial to make it difficult for this Court to discern Ms. Lemley's legal arguments on appeal and the relevant supporting facts. *See Chiozza*, 315 S.W.3d at 489 (noting that it is not this Court's function "to verify unsupported allegations in a party's brief or to research and construct the party's argument"). As this Court determined in *England v. Burns Stone Co., Inc.*, 874 S.W.2d 32, 35 (Tenn. Ct. App. 1993), "[t]his Court is not under a duty to minutely search a voluminous record to locate and examine matters not identified by citation to the record" (citing *McReynolds v. Cherokee Ins. Co.*, 815 S.W.2d 208, 211 (Tenn. Ct. App. 1991)). The *England* Court further clarified that "[p]arties cannot expect this Court to do the work of counsel." *England*, 874 S.W.2d at 35. Therefore, due to the significant deficiencies in her briefs, Ms. Lemley's issues presented on appeal are deemed waived. *See Bean*, 40 S.W.3d at 54-55.

III. Attorney's Fees on Appeal

The Rowes request an award of attorney's fees incurred in defending this appeal, alleging that Ms. Lemley's appeal was frivolous. As this Court has previously explained:

> Parties should not be forced to bear the cost and vexation of baseless appeals. Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision.

> A frivolous appeal is one that is devoid of merit, or one that has no reasonable chance of succeeding.

*Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003) (citations omitted). Similarly, Tennessee Code Annotated § 27-1-122 (West 1975 to current) provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The Rowes assert that this appeal is frivolous "due to [Ms. Lemley's] failure to provide an adequate record and the substantial evidence supporting the Trial Court's decision." Although Ms. Lemley has neglected to include any citations to authority and has included only insufficient citations to the record, we do not find that she has neglected to provide an adequate record. *See Young*, 130 S.W.3d at 67 ("[A]n appeal in which the reviewing court's ability to address the issues raised is undermined by the appellant's failure to provide an adequate record is deemed frivolous because it has no reasonable chance of succeeding."). Therefore, exercising our discretion, we do not determine that this appeal was frivolous or taken solely for delay. We decline to award attorney's fees.

IV. Conclusion

For the foregoing reasons, this appeal is dismissed. The Rowes' request for an award of attorney's fees on appeal is denied. This case is remanded to the trial court for collection of costs below. Costs on appeal are assessed to the appellant, Yin C. Lemley.

s/Thomas R. Frierson, II
THOMAS R. FRIERSON, II, JUDGE